UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GLENN HARTMAN, | ) NOS. CV 08-01285 GAF (SS) & |
| | )      CV 10-01770 GAF (SS) |
| Petitioner, | ) |
| | ) **ORDER ADOPTING FINDINGS,** |
| v. | ) |
| | ) **CONCLUSIONS, AND RECOMMENDATIONS** |
| TERRI GONZALEZ, Acting Warden, | ) |
| | ) **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the above-referenced Petitions, all of the records herein, the Magistrate Judge's Amended Report and Recommendation, and Petitioner's Objections. After having made a <u>de</u> <u>novo</u> determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge. However, the Court addresses Petitioner's Objections below.

    In his Objections to the Amended Report and Recommendation, Petitioner first contends that he was denied procedural due process in connection with the Governor's reversal of the June 5, 2008 decision by

the Board of Parole Hearings (the "Board") to grant Petitioner parole. Petitioner argues that pursuant to <u>Swarthout v. Cooke</u>, __ U.S. __, 131 S. Ct. 859, 862, 178 L. Ed. 2d 732 (2011) (per curiam), the minimal procedures required by the federal due process clause to protect a prisoner's state-created liberty interest in parole include an opportunity to be heard and a statement of reasons for the parole decision. Petitioner objects to the Governor's process for reviewing a parole decision and complains that "the inmate is <u>not</u> afforded a <u>hearing</u>, but only a list of reasons" for the Governor's reversal, thereby depriving the petitioner of "the most vital procedural protection of a hearing . . . ." (Objections at 2). Second, Petitioner argues that notwithstanding the holding in <u>Swarthout</u>, the Federal Constitution must "provide at least some <u>substantive</u> protection in order to prevent the deprivation of [a prisoner's] liberty based, as here, on an entirely arbitrary decision devoid of evidence supporting the Governor's conclusion." (<u>Id.</u> at 3) (emphasis in original). Neither of Petitioner's Objections has any merit.

Under California law, a panel of the Board is required to meet with a prisoner serving an indeterminate term to assess the prisoner's suitability for parole beginning one year before the prisoner's minimum eligible parole release date. Cal. Penal Code § 3041(a). The panel's decision regarding the prisoner's eligibility for parole becomes final within one hundred twenty (120) days of the hearing, during which time the Board may review the panel's decision. <u>Id.</u> § 3041(b). In turn, the Board's decision "with respect to the granting, denial, revocation, or suspension of parole of a person sentenced to an indeterminate term"

1 does not become final for thirty days, during which time the Governor
2 may review the Board's decision.  Cal. Const. Art. V, § 8(b).
3 Gubernatorial review is optional, not mandated.  Id.; In re
4 Rosenkrantz, 29 Cal. 4th 616, 660, 128 Cal. Rptr. 2d 104 (2002) (noting
5 that Article V, section 8 of the California constitution "confers upon
6 a Governor the discretion whether to review a parole decision").  Should
7 the Governor elect to review a parole decision, however, "[t]he Governor
8 may only affirm, modify, or reverse the [Board's] decision . . . on the
9 basis of the same factors which the [Board] is required to consider."
10 Cal. Const. Art. V, § 8(b).  The Governor is required to report to the
11 "Legislature each parole decision affirmed, modified, or reversed,
12 stating the pertinent facts and reasons for the action."  Id.  The
13 Governor must also "send a written statement to the inmate specifying
14 the reasons for his or her [parole] decision."  Cal. Penal Code
15 § 3041.2(b).

17 California's multi-level parole determination system therefore
18 provides that a prisoner will be afforded a hearing before a panel of
19 the Board, but not before the Governor, who is only required to notify
20 the prisoner of the reasons for his decision.  The Supreme Court was
21 apparently aware of California's parole determination system when it
22 issued Swarthout as that decision involved two separate parole claims,
23 one involving a parole denial by the Board, the other involving the
24 Governor's reversal of a parole grant by the Board.  Swarthout, 131 S.
25 Ct. at 860-61.  By concluding that both state prisoners had received the
26 process to which they were due under federal law, the Supreme Court
27 impliedly determined that California's parole determination process,

1  which affords a prisoner an opportunity to be heard at a Board hearing
2  but not as part of the Governor's review, is constitutionally adequate.
3  Id. at 862.  As Petitioner was given an opportunity to be heard and was
4  provided a statement of reasons in connection with his parole
5  eligibility reviews in 2006 and 2008, he received all the process he was
6  due under federal law.

8    Furthermore, contrary to Petitioner's remaining objection,
9  Swarthout clearly held that Petitioner's substantive due process claims
10 are not cognizable on federal habeas review.  Under Swarthout, a federal
11 habeas court's review of a state parole decision is limited to an
12 inquiry into whether the prisoner was allowed an opportunity to speak
13 at his parole hearing and contest evidence against him, and whether the
14 prisoner received notice of the reasons supporting the parole denial.
15 Swarthout, 131 S. Ct. at 862.  In contrast to the very limited federal
16 role in reviewing state parole decisions, "responsibility for assuring
17 that the constitutionally adequate procedures governing California's
18 parole system are properly applied rests with California courts" alone.
19 Id. at 863 (emphasis added).  As the Swarthout Court specifically noted,
20 "it is no federal concern . . . whether California's 'some evidence'
21 rule of judicial review (a procedure beyond what the Constitution
22 demands) was correctly applied."  Id. at 862.  Consequently, because
23 this Court may not address Petitioner's substantive due process claims
24 and because Petitioner was afforded the procedural due process to which
25 he was entitled under federal law, habeas relief is not warranted.  The
26 Petitions must be denied.

**IT IS ORDERED** that the Petitions are denied and Judgment shall be entered dismissing these actions with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 8, 2011

```
_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE
```